## JOHN STONE

*v.*

## THE FAIRBURY, PONTIAC AND NORTHWESTERN RAILROAD COMPANY.

1. ACTION—*for physical damage from use of streets for railroad purposes.* While it may be conceded that an incorporated town or city owns the fee to the public streets, and has the exclusive power to control and regulate the same, and in the exercise of that power may rightfully permit a railroad company to occupy and use a public street, yet, under the organic law of the State, the railroad company must be held responsible to property owners upon the street for such direct and physical damage as shall result from the construction of the road or the operation of the same after its completion.

2. SAME—*sufficiency of declaration.* In a suit against a railroad company for damages caused to plaintiff's lots and property, the declaration averred, in substance, that the plaintiff owned and occupied as a residence certain property fronting on a certain public street; that the defendant constructed along, upon and over said street its railroad, and run daily its locomotives and trains thereon, and that smoke and cinders were cast and thrown from the engines and locomotives in and upon the property of the plaintiff, thereby greatly damaging the same: *Held,* on demurrer, that the declaration showed a good cause of action.

3. DAMAGES—*caused by railroad, for which no recovery can be had*  The difficulty of crossing a railroad track in a public street, the detention by trains, the frightening of horses, the danger to persons crossing the track, and the like, are inconveniences which property owners on the street have to suffer, and for which they can not recover in a suit for damages.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action on the case, by the appellant against the appellee, to recover damages to plaintiff's property caused by the construction and operation of defendant's railroad on a public street fronting the same. The court below sustained a general demurrer to the declaration, and the plaintiff abiding by his declaration, judgment was rendered for the defendant, and the plaintiff brings the record here by writ of error.

Messrs. AMENT & FLETCHER, and Messrs. HARDING & TERRY, for the plaintiff in error.

Mr. L. E. PAYSON, and Messrs. PILLSBURY & LAWRENCE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass on the case, brought in the circuit court of Livingston county, by John Stone, against the Fairbury, Pontiac and Northwestern Railroad Company.

The declaration contained two counts, to which a demurrer was filed by the defendant and sustained by the court. The plaintiff elected to abide by his declaration, and the court rendered judgment against him for costs.

The plaintiff brings the case here, and the only question for decision is, as to the sufficiency of the declaration.

It is averred in each count of the declaration, substantially, that the plaintiff owns and occupies as a residence certain property fronting on Walnut street in the town of Fairbury; that the defendant constructed along, upon and over said street its railroad, and run daily its locomotives and trains thereon; that smoke and cinders were cast and thrown from the engines and locomotives on and over the property of plaintiff, thereby greatly damaging the same.

The averments in the declaration are admitted to be true by the demurrer, and from them alone we are to determine whether the plaintiff has a cause of action.

By the 19th section of the Bill of Rights of our constitution it is declared, that every person ought to find a certain

remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice fully and without denial, promptly and without delay.

And by the 13th section of the same instrument it is declared, that private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law. The fee of land taken for railroad tracks without consent of the owners thereof, shall remain in such owners, subject to the use for which it is taken.

While it must be conceded that an incorporated town or city owns the fee simple title to the · public streets, and has the exclusive power to control and regulate the same, and in the exercise of that power may rightfully authorize and permit a railroad company to occupy and use a public street with its railroad track, yet, under the organic law of the State, the railroad company must be held responsible to property owners upon the street for such direct or physical damage as shall result from the construction of the road or the operation of the same after its completion.

The commerce of the country and the unbounded wants of the public demand that public streets in towns and cities should be used by railroad companies in carrying passengers and transporting freights, and it must necessarily happen that streets will be used for various legitimate purposes, which will, to a greater or less extent, discommode persons residing or doing business upon them, and just to that extent damage their property, and yet such damage is incident to all city property, and for it a party can claim no remedy. *Moses* v. *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 21 Ill. 522.

The difficulty of crossing a railroad track, the detention by trains, the frightening of horses, the danger to persons crossing the track, the noise of the trains, and various other things that might be named, are inconveniences which property own-

ers on a street where a railroad is located have to suffer, yet to hold that such could recover damages would, in effect, prevent the construction of a railroad upon a public street.

The clause in the constitution, "private property shall not be taken or. damaged for public use without just compensation," must receive a reasonable construction. While the interest of the private citizen should be guarded and protected, the commercial interests of the country and the great good of the public should not be lost sight of.

In the State of Massachusetts, there is a statute providing that railroad companies shall pay all damages caused by the construction and maintaining of their roads. Under this statute the petitioner, owning a tract of land abutting on Western avenue, in the city of Lowell, alleged that the railroad company constructed its road over the avenue, between petitioner's land and the city; that in passing to or from the city the railroad had to be crossed; petitioner claimed his land was damdage by the road being constructed over Western avenue. Chief Justice SHAW, in delivering the opinion of the court, said: "The law does not propose to grant indemnity for all losses occasioned by the laying a railroad. If it did it would extend to turnpikes and canals, the value of which is diminished or destroyed by loss of custom to taverns and public houses deserted or left in obscurity, to stage coach proprietors, to owners of dwelling houses, manufactories, wharfs, and all other real estate in towns and villages from which a line of travel has been diverted."

In laying down a rule in regard to what might be considered an element of damages, he says, "That all direct damage to real estate by passing over it or part of it, or which affects the estate directly, though it does not pass over it, as by a deep cut or high embankment so near land or building as to prevent or diminish the use of them, by endangering the fall of buildings, the caving in of earth, the draining of wells, the diversion of water courses, so far as these are the necessary results of suitable and proper works; also the necessary break-

ing of a ledge of rocks so near to houses as to cause damage, running a track so near them as to cause imminent, appreciable danger by fire, by obliterating or obstructing private ways leading to houses and buildings. These, and perhaps others of like kind, we think, are proper subjects for the assessment of damages."

Under the Massachusetts statute, which is somewhat analogous to our constitution, the court seem to lay down the rule that the damage, in order to enable a recovery, must be a direct, physical injury, which is, no doubt, the proper rule. In the declaration in this case, many things are averred that are not regarded as material, yet, as we understand the averments, they are, in substance, that smoke and cinders were thrown from the engines of the defendant on the property of plaintiff, by means whereof his property was greatly damaged. If this be true, and the averments are to be so taken, the plaintiff has sustained a direct and physical injury to his property, for which he is entitled to recover.

A majority of the court are, therefore, of opinion that the declaration was sufficient, and the demurrer was improperly sustained.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER: I hold that the damage need not be immediate or physical, to authorize a recovery.