# The Chicago and Western Indiana Railroad Company.
## v.
## John Berg.

1. RAILROADS—RIGHT TO RUN IN STREETS.—An incorporated municipality is the owner of the land in its streets, and when such municipality, by proper ordinance, authorizes a railroad company to construct and operate a railroad in a street, the company acquires the right to build and operate such road without interference by the public or individuals, subject, however, to the liability to respond to the owners of land abutting on the streets for such injuries sustained by them in consequence thereof as are to be deemed legal elements of damage.

2. ABUTTING OWNERS—RULE OF DAMAGES.—In the case of the building and operating a railroad through the streets of a municipality under an ordinance granting permission therefor, the owner of lands abutting on such streets is not entitled to recover of the railroad company all the damages sustained by him by the location and operation of the road, including the loss by depreciation in the market value of his property, and which are common to other owners or the public, but his right to recover must be limited to such damages as are peculiar to his property and which are of a physical nature, such as the cutting off of access to his premises, jarring of his buildings, casting smoke and cinders upon his dwelling, etc.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed May 9, 1882.

This was an action on the case brought by appellee, John Berg, against the Chicago and Western Indiana Railroad Company, to recover for damages to his premises fronting on Wallace street, in the town of Lake, occasioned by the construction and operating of appellant's railroad in said street. The town was an incorporate municipality, and the railroad was constructed in the street by its permission and consent.

The declaration avers, *inter alia*, that by the construction of the road, the throwing up of embankments and cutting of ditches, the plaintiff has been deprived of the use of the street; that access to his premises has been cut off, water has been thrown thereon, and caused to stand in stagnant pools, and to

run into the basement of his house; that by the running of locomotives and cars on the railroad, smoke, ashes, cinders, soot, sparks of fire, noxious gases and other injurious substances have been thrown upon and into his dwelling-house; that the running of the cars causes the plaintiff's house to be shaken, damaging the ceiling and walls, and causing the plastering to crack and fall off, etc., whereby the plaintiff's property has been greatly impaired in value.

The case was tried by a jury under a plea of not guilty; there was a verdict and judgment in favor of the plaintiff for $1,400.   The defendant brings the case here by appeal.

MR. CHARLES M. OSBORN, for appellant; as to the legal right of the railway company to construct and operate its road in the streets, cited Stetson v. C. & E. R. R. Co. 75 Ill. 74.

The damages for maintaining and operating the road must be damages sustained between the time of beginning to operate the road and the commencement of this suit: C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 42; C. & E. I. R. R. Co. v. Loeb, 8 Bradwell, 630; C. & A. R. R. Co. v. Maher, 91 Ill. 312.

The difference in value of the property caused by building and operating the road is not the proper measure of damages, because it includes damages arising from all causes: C. B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269; C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 42; C. & E. I. R. R. Co. v. Hall, 8 Bradwell, 624; St. L. V. & T. H. R. R. Co. v. Haller, 82 Ill. 208.

There are certain injuries which are necessarily incident to the ownership of property in towns and cities, which directly impair its value, for which the law does not, and never did afford any relief: Rigney v. Chicago, 13 Chicago Legal News, 228; Stone v. F. P. & N. W. R. R. Co. 68 Ill. 394; C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 42; Shawneetown v. Mason, 82 Ill. 343.

The tenant occupying the house under plaintiff as landlord, is entitled to an indeterminate amount of the damages, and judgment in favor of plaintiff for all the damages is erroneous: I. B. & W. R'y Co. v. McLaughlin, 77 Ill. 275; Cooper v. Randall, 59 Ill. 317.

C. & W. I. R. R. Co. v. Berg.

Damages to the house as improved after the road was constructed, can not be recovered: C. & E. I. R. R. Co. v. Loeb, 8 Bradwell, 627; I. B. & W. R. R. Co. v. McLaughlin, 77 Ill. 275.

Mr. H. O. McDAID, for appellee; that under many of the decisions, it was held that there should be at least a *scintilla* of taking of the *corpus* of the property before consequential damages could be recovered as to the residue of the land, and where railw y; were authorized by municipal corporations to construct their roads upon streets, the legal title to which was in such municipality, it was held to be a use consistent with that for which they were dedicated, and no recovery could be had for damages suffered by abutting land owners, cited Moses v. P. Ft. W. & C. R. R. Co. 21 Ill. 516; The People v. Kerr, 27 N. Y. 191; Richardson v. Vt. C. R. R. Co. 25 Vt. 465; Bradley v. N. Y. & N. H. R. R. Co. 21 Conn. 294; Milburn v. Cedar Rapids, 12 Iowa, 261; Davenport v. Stevenson, 34 Iowa, 225; Atchison R. R. Co. v. Garside, 10 Kan. 552.

As to what constitutes a *taking* of property within the meaning of the constitutional terms: Nevins v. City of Peoria, 41 Ill. 502; Tate v. O. & M. R. R. Co. 7 Ind. 479; Alton & U. A. H. R. R. Co. v. Deitz, 50 Ill. 210; Eaton v. B. & C. R. R. Co. — N. H. 504; Pumpelly v. Green Bay, 13 Wall. 166; Ashley v. Port Huron, 35 Mich. 206; Montgomery v. Gelneer, 33 Ala. 116; Haskell v. New Bedford, 108 Mass. 208; Indianapolis v. Huffer, 30 Ind. 235; Rochester White Lead Co. v. Rochester, 3 Connt. 463; Mersey Docks v. Gibbs, 1 L. R. 93; Tootle v. Clifton, 22 Ohio St. 247; Crawford v. Village of Delaware, 7 Ohio St. 465; Lochland v. N. Mo. R. R. Co. 31 Mo. 184; Tate v. R. R. Co. 64 Mo. 149; R. R. Co. v. Naylor, 2 Ohio St. 235; Cincinnati v. Penny, 21 Ohio St. 499; Youngstown v. Moore, 30 Ohio St. 142; Akron v. Chamberlain Co. 34 Ohio St. 334; Rhodes v. Cleveland, 10 Ohio, 159; Lexington R. R. Co. v. Applegate, 8 Dana, 289 ; Anderson v. Turbeville, 6 Cold. 158; Elizabethtown R. R. Co. v. Combs, 10 Bush, 382; Cadle v. Muscatine R. R. Co. 44 Iowa, 11; Washburn on Easements 458; 2 Thompson on Negligence, 748.

Courts have frequently held that an incorporeal subject of

property may be *taken* in the exercise of the right of eminent domain : Backus v. Lebanon, 11 N. H. 19; Nor. R. R. Co. v. Concord R. R. Co. 7 Foster, 183 ; Cooley on Constitutional Limitations, 343; Covington R. R. Co. v. Covington R. R. Co. 19 Am. Law Reg. 770 ; West. Riv. Bridge Co. v. Dix, 6 How. (U. S.) 507 ; Richmond R. R. Co. v. Louisa R. R. Co. 13 How. (U. S.) 71 ; B. & L. R. R. Co. v. S. & L. R. R. Co. 2 Gray, 1 ; Central Bridge Co. v. Lowell, 4 Gray, 474; Enfield Toll Bridge Co. v. H. N. H. R. R. Co. 17 Conn. 40 ; Met. City R'y Co. v. Chicago West Div. R'y Co. 87 Ill. 317.

In most of the cases where there has been no structural injury to the land from the construction of public works, the decisions where property has been held to be *taken*, are based upon the fact that substances—such as smoke, cinders, ashes, etc.,— have been thrown upon the land by the construction and operation of the works: Easton v. Boston, etc., R. R. Co. 51 N. H. 504; Nevins v. Peoria, 41 Ill. 502; Pumpelly v. Green Bay, 13 Wall. 136; Short v. Batt, City Pass. R. R. Co. 50 Md. 13; Mayor, etc., v. Willison, 50 Md. 138; Inman v. Tripp, 11 R. I. 520; Ottawa Gas Co. v. Graham, 28 Ill. 73. Ill. Cent. R. R. Co. v. Grabill, 50 Ill. 241; Ottawa Gas Co. v. Thompson, 39 Ill. 598; Hurdman v. Eastern R. R. Co. L. R. 3 C. P. Div. 168; Caro v. Met. Elevated R. R. Co. 19 Am. Law Reg. 384; City of Pekin v. Winkel, 77 Ill. 56; Elgin v. Eaton, 83 Ill. 535; Stack v. E. St. Louis, 85 Ill. 377; City of Pekin v. Brereton, 67 Ill. 477; Aurora v. Gillette, 56 Ill. 132; Aurora v. Reed, 57 Ill. 29; City of Dixon v. Baker, 65 Ill. 518; Shawneetown v. Mason, 82 Ill. 338; Pettigrew v. Evansville, 25 Wis. 223; Arimond v. Green Bay Co. 31 Wis. 335; Evansville v. Dick, 9 Ind. 433; Delaplaine v. C. & N. W. R. R. Co. 42 Wis. 214; Weaver v. Miss. R. R. Boom Co. 13 Reporter, 372; Bertholf v. O'Rilly, 18 Am. Law Reg. 115.

The sending upon the private property of another, noxious smells, gases, smoke or cinders whereby the atmosphere is corrupted, constitutes an intrusion upon such property: Tipping v. St. Helene' Smelting Co. 4 B. & S. 508; Citizens Gas Light Co. v. Cleveland, 5 C. E. Greene, 201; Wesson v. Washburn Iron Co. 13 Allen, 95; Wahle v. Reinbach, 76 Ill. 326; Ross

v. Butter, 4 C. E. Greene, 294; Cooper v. Randall, 53 Ill. 24; Rex v. White, 1 Burr. 337; Duke, etc., v. Clowes, 3 Chitty's Pl. 217; Robinson v. Baugh, 31 Mich. 290.

It has been held that changing the grade of streets by the construction of public works, does not constitute a taking of property, even though they obstruct access to abutting street property: Moses v. P. Ft. W. & C. R. R. Co. 21 Ill. 516; Murphy v. Chicago, 29 Ill. 279; Roberts v. Chicago, 26 Ill. 249; The People v. Kerr, 27 N. Y. 291; Richardson v. Vt. C. R. R. Co. 25 Vt. 465; Bradley v. N. Y. N. H. R. R. Co. 21 Conn. 294.

But where the fee of the highway, subject to the public easement of passage, is in the abutting proprietor, the construction of a railway thereon is a taking of the property: Fletcher v. S. R. R. Co. 25 Wend. 462; Drake v. H. R. R. R. Co. 7 Barb. 508; Trustees Pres. Soc. v. A. & R. R. R. Co. 3 Hill, 567; Davis v. The Mayor, 14 N. Y. 506; Williams v. N. Y. C. R. R. Co. 16 N. Y. 97; Wager v. T. U. R. R. Co. 25 N. 526; Craig v. R. C. & B. R. R. Co. 39 N. Y. 404; Henderson v. N. Y. R. R. Co. 78 N. Y. 423; Carpenter v. O. & S. R. R. Co. 24 N. Y. 655; I. B. & W. R. R. Co. v. Hartley, 67 Ill. 439; Kucheman v. C. B. & B. R. R. Co. 46 Iowa, 366; Hinchman v. Patterson R. R. Co. 17 N. J. Eq. 75; Harrington v. St. Paul R. R. Co. 17 Minn. 215.

If the construction of a railway in a street deprives the abutting owner of the beneficial use of his rights of property, it is a *taking* for which he is entitled to compensation: Caro v. Met. Elev. R. R. Co. 19 Am. Law Reg. 384; Croton Turnpike Co. v. Tyler, 1 Johns. Ch. 610; Newburg Turnpike Co v. Miller, 5 Johns. Ch. 101; B. & L. R. R. Co. v. S. & L. R. R. Co. 2 Gray, 1; Cooley on Con. Lim. 542.

It is a mistake to say that a municipality is seized of a fee simple in streets. There is always a reservation, by operation of law, of the incorporeal rights of property that necessarily attach to abutting lots, and these rights do not pass to the municipality or the public : Dovaston v. Payne, 2 Smith's Law Cas. 142 ; Morrison v. Hinkson, 87 Ill. 587 ; The People v. Walsh, 96 Ill. 232 ; Haynes v. Thomas, 7 Ind. 479 ; Protzman

v. I. & C. R. R. Co. 9 Ind. 467 ; Alden v. Murdock, 13 Mass. 256 ; New Orleans v. U. S. 10 Pet. 663 ; Parker v. Inhabitants etc. 8 Met. 260 ; Transylvania Univ. v. City of Lexington, 3 B. Mon. 25 ; Kirkham v. Sharp, 1 Wheat. 323 ; Cope v. Grant, 7 Barr. 488 ; Livingston v. The Mayor, 8 Wend. 85.

Upon the right of an abutting lot owner to have the street in front of his lot remain as platted, and free from servitudes inconsistent with the ordinary uses of the street: Waugh v. Leach, 28 Ill. 488 ; Prov. Steam Engine Co. v. P. & S. S. S. Co. 12 R. I. — ; Pratt v. Lewis, 39 Mich. 7 ; Beckit v. Midland R'y Co. 1 C. P. 241.

Upon the right of an abutting lot owner to recover damages for obstructing the passage to his lot: Ireson v. Moor, 1 Ld. Raymd. 495; Barron v. the Mayor, 2 Am. Jur. 203; Green v. Klimhaus, 2 C. E. Green 472; Spencer v. L & B. R'y Co. 8 Sim. 193; Stetson v. Faxon, 19 Pick. 147; Rose v. Groves, 6 Scott, 645; Reg. v. G. N. R'y Co. 14 Ad. & E. 25; Glover v. N. S. R'y Co. 71 E. C. L. 911.

Generally upon the right to recover in this case: Penney v. S. E. R'y Co. 90 E. C. L. 658; Chamberlain v. W. E. & C. P. R'y Co. 110 E. C. 604; Senior v. Met. R'y Co. 2 H. & C. 258; Blane v. Klumpke, 29 Cal. 156; West. Pa. R. R. Co. v. Hill, 56 Pa. St. 460; Venand v. Cross, 8 Kan. 2, 8; McCarthy v. Met. Bd. Works, 7 C. P. 508; Duke of Bucchuch v. Met. Rd. Works, 5 H. L. Cas. 118; Brayton v. Fall River, 113 Mass. 218; Benjamin v. Storr, 9 C. P. 400.

As to the distinction between a public easement of passage and private right of access : At'ty-gen. v. Conservators, etc. 1 H. & M. 31 ; Rose v. Groves, 5 M. & G. 613 ; Lyon v. Fishmongers Co. 1 H. L. 662 ; Fritz v. Hobson, 19 Am. Law Reg. 615 ; Marshall v. Ullswater Steam Co. L. R. Q. B. 166 ; Miner v. Gilmour, 12 Mood. 131 ; Eastern Co. R'y Co. v. Dorling, 5 C. B. 821.

Upon the meaning of " damaged," as used in the constitution of 1870 : St L. V. & T. H. R. R. Co. v. Haller, 82 Ill. 208 ; Shawneetown v. Mason 82 Ill. 337 ; Elgin v. Eaton, 83 Ill. 535 ; Stack v. E. St Louis, 85 Ill. 377 ; Morrison v. Hinkson, 87 Ill. 587 ; C. R. I. & P. R. R. Co. v. Carey, 90 Ill. 515 ; C.

& N. W. R. R. Co. v. Hoag, 90 Ill. 340; P. Ft. W. & C. R. R. Co. v. Reich, 101 Ill. 175.

The difference in value of the property with and without the obstruction complained of is the measure of damages: W. & R. R. R. Co. v. Stauffer, 60 Pa. St. 374; West Pa. R. R. Co. v. Hill, 56 Pa. St. 460; E. Pa. R. R. Co. v. Huster, 40 Pa. St. 53; Penn. R. R. Co. v. Heister, 8 Pa. St. 445; Watson v. Pitts. & Connelsville R. R. Co. 47 Pa. St. 469; Harvey v. L. & B. R. R. Co. 17 Pa. St. 428; Hornstein v. A. & Gt. West. R. R. Co. 51 Pa. St. 87; Brown v. Corey, 43 Pa. St. 495; Henderson v. N. Y. C. R. R. Co. 78 N. Y. 423; Williams v. N. Y. C. R. R. Co. 16 N. Y. 97; T. & B. R. R. Co. v. Lee, 13 Barb. 169; Lawrence R. R. Co. v. Cobb, 35 Ohio St. 98; Smith v. City of Madison, 7 Ind. 88; Towle v. N. H. R. R. Co. 107 Mass. 352; Johnson v. Porter, 42 Conn. 234; Dittman v. Repp, 5 Md. 517; Henry v. Pacific & Dubuque R. R. Co. 2 Clarke, 288; Ottawa Gas Co. v. Graham, 28 Ill. 73; Ill. Cent. R. R. Co. v. Grabill, 50 Ill. 242; C. P. R. R. Co. v. Stein, 75 Ill. 41.

Wilson, P. J. The principal question arising on the record, and the only one we propose to consider, relates to the rule of damages in an action on the case against a railroad company, for injuries resulting from the constructing and operating a railroad in the streets of an incorporated town or city by the permission of its municipal authorities ; in other words, whether the owner of lands abutting on such streets is entitled, in such action, to recover all the damages sustained by him by the location and operation of the road, including the loss by depreciation in the market value of his property caused thereby, or whether his right of recovery is limited to certain elements of damage peculiar to his property, and which are of a physical nature, such as the cutting off of access to his premises by making of embankments and digging ditches, the jarring of his buildings, casting smoke, ashes and cinders upon his dwelling-house, turning water onto the land, and other like injuries.

We have been furnished by the counsel for appellee with

a brief, which, in extent of research, and the collation of decisions in other States as well as this, finds few equals in our books of reports, and is creditable alike to the learning and industry of the counsel by whom it was prepared. It is, however deemed by us unnecessary to review the numerous cases cited, and we shall do little more than to refer briefly to a very few decisions of our own Supreme Court, and a single one by this court, bearing on the question under consideration.

The town of Lake is an incorporated municipality, and as such, owner of the land in its streets. Having by ordinance, authorized the Chicago and Western Indiana Railroad Company, to construct and operate a railroad in Wallace street, the constructing and operating of such road was not unlawful. The railroad company acquired the right to build and operate the road in the street, without interference by the public or by individuals, subject however, to the liability to respond to the owners of land abutting on the streets for such injuries sustained by them in consequence of the construction and operation of the road, as are to be deemed legal elements of damage in an action on the case, like the present.

It would occupy too much space, if we had the time, to review in detail, the evidence contained in this voluminous record. From a careful perusal of the bill of exceptions, it sufficiently appears, first, that the market value of property abutting on Wallace street, including appellee's, was materially depreciated by the location and operation of the railroad in the street; and secondly, that the larger portion of appellee's recovery was based on a general depreciation in the value of his property in common with other property on the street, caused by the existence of the railroad there, rather than upon such physical or other injuries as were peculiar to appellee's property. The record abounds in questions and answers, as to the comparative value of the property before the road was built and after it was built —its value with the road, and its value without the road. These questions were broad enough in their scope to embrace every element of damage, and it is manifest that many of the answers included estimates of damages common to the whole public, and not such damages merely as were peculiar to the property of appellee.

That the owner of property abutting on a public street in an incorporated town or city in which a railroad is located by the permission and consent of the municipality duly obtained, is not entitled, in an action on the case against the railroad company, to recover for every species of injury or loss he has suffered thereby, we do not understand to be an open question in this State. And accordingly, in Chi. & E. Ill. R. R. Co. v. Hall, 8 Bradwell, 621, following the rule in relation to the measure of damages as declared by the Supreme Court, we said: " The court, against the objection of appellant, permitted appellee to give evidence of the difference between the market value of the premises at the time appellant commenced operating, and that of the bringing the suit. The scope of these questions called upon the witness to give such difference from all causes; and the jury must so have understood it, because the deprecia‌tion from the direct physical injury had already been shown. Under the decisions of the Supreme Court in C. B. & Q. R. R. Co. v. McGinnis, and Chi. Mil. & St. P. R. R. Co. v. Hall, we are constrained to hold that this evidence was incompetent."

In the McGinnis case (79 Ill. 269), the court said: " It has long been the settled doctrine in this State, at least anterior to the adoption of the constitution of 1870, that where by the charter of a city its local authorities are vested with exclusive control over the streets, and those authorities grant permission to lay down railroad tracks along a street, the owner or occupants of property fronting on such street can not enjoin the laying of such tracks, nor be allowed any damage or compensation for such use of a street. * * * Recognizing, as the court below did, the difference between the value of the property without the railroad, and with the railroad, would be to allow a recovery for all causes whatsoever, by reason of the railroad, and so of the rental value in such respect. If there be any liability in respect of the dust, smoke and cinders, the inquiry should have been confined to the question of what material damage, if any, was done to the property by the throwing of dust, smoke and cinders upon it." The court cites its previous ruling in Stone v. Fairbury, 68 Ill. 394, and say, that was the case of a railroad constructed since the adoption of the constitu

tion of 1870; and they recognize such cases as standing on the same footing, in respect to the rule of damages, as in the case of roads constructed anterior thereto. The case of Chi. Mil. and St. P. R. R. Co. v. Hall, 90 Ill. 42, is to the same effect.

It is insisted that the decision in the McGinnis case, is in conflict with the ruling of the court in other cases. A careful examination of the cases will show that this is a misapprehension. Isolated expressions are found in some of the opinions, which, standing alone and disconnected from the context, might seem to indicate a different rule from that laid down in the McGinnis case; but when taken in connection with all that is said, they will be found to be in harmony with the rule as enunciated in that and many like cases. A brief reference to one or two cases will suffice as an illustration of what we have just said:

In Chi. Mil. and St. P. R. R. Co. v. Hall, Mr. Justice Walker, in delivering the opinion of the court, says: " This court has repeatedly held that damage to property not taken for public use, must be real and not speculative, and it must depreciate the price or its use, and the depreciation is determined *by comparing its value before and after the structure is made, which produces the injury.*" Standing alone, this language would seem to imply that such comparison of values, based as it might be, at least in part, on the general depreciation of the market value of the property affected, constitutes the proper standard by which to measure the damage sustained. But in the paragraph next preceding, he says: " The measure of damages is the loss sustained by the nuisance, the injury from the jarring of the building, the throwing of cinders, ashes and smoke upon appellee's premises. The depreciation from these causes may be considered, but not general depreciation in value from other causes; mere inconveniences in approaching or leaving the property, or the noise and confusion in the vicinity. The injury must be physical, and when it is such, we know of no better measure of damages than the depreciation of the property from that cause alone.

So in the more recent case of Rigney v. City of Chicago, 101 Ill., expressions may be found which, standing alone,

might be regarded as enlarging the rule of damages laid down in the McGinnis case. But the court say in the opinion: " In all cases to warrant a recovery, it must appear that there has been some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value; and that by reason of such· disturbance he has sustained a special damage with respect to his property, *in excess of that sustained by the public generally.*" It is unnecessary to multiply decisions of like import. We apprehend it will be found upon full examination that there is no conflict or want of harmony in the decisions of the Supreme Court on this subject.

The cases of St. L. V. & T. H. R. R. Co. v. Haller, 82 Ill. 209, and Same v. Capps, 67 Ill. 607, were suits based on an ordinance, which by acceptance by the company became a contract to pay all damages which the abutters on the street had sustained by the construction and operation of the railroad, and the court places its decision on the fact of the contract. Other cases cited by appellee were condemnation proceedings, where, under the provision in the constitution for "just compensation," all damages sustained by the land owners might perhaps be properly allowable, as in the case of actions of trespass to real property; though even in condemnation proceedings, it was said in Rigney's case the constitution " was not intended to embrace every possible injury."

The estimates of damages by many of appellee's witnesses, based as they were upon a consideration of all the loss resulting to appellee by reason of the location of the road in Wallace street, including the general depreciation of the value of his property on account of the existence of the road in the street, were improper and necessarily misleading. The questions calling for such estimates were objected to, and the answers were moved to be stricken out, which was refused by the court. Moreover, they went beyond their scope in the injuries complained of in the plaintiff's declaration.

Whether the rule of damages adopted by our Supreme Court in this class of cases is just and reasonable, or other-

wise, is not for us to say.   It is sufficient that it is fixed by the court of last resort, and we have only to follow it.

The judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.