THE CHICAGO, PEORIA & ST. LOUIS RAILWAY COMPANY

v.

GEORGE LEAH.

*Railroads—Injury to Property through Construction of—Practice—Jurisdiction—Evidence—Damages.*

C., P. & St. L. Ry. Co. v. Leah.

1.   Where, after a demurrer to the declaration in a given case is overruled the defendant pleads thereto, the ruling upon such demurrer can not be complained of.

2.   A party can not assign as error the giving of an instruction in his behalf.

3.   A recital by the clerk in the transcript of the record, that a certain exception was taken, is not a part of the record, the same not appearing in the bill of exceptions.

4.   A trial court has the power to permit the jury in a given case, by a proper order, to view given premises.

5.   For depreciation in value of real property caused by the construction and operation of a railroad, there can be but one recovery, and in such cases the plaintiff should be allowed to prove the special disadvantages, annoyances and inconveniences interfering with and abridging the full enjoyment by him of that use and benefit of his property that the law entitles him to.

6.   Where lands are thus depreciated in value, the measure of damages is the difference between the market value of the property before the construction and thereafter.

[Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. DALE, BRADSHAW & TERRY, for appellant.

Messrs. TRAVOUS & WARNOCK, for appellee.

1.   In an action for damages to land, the court may, in its discretion, permit the jury to view the premises.   This is no longer an open question, in cases of this kind, in this State. Springer v. City of Chicago, Vol. 26, No. 6, N. E. Rep., 514, decided by Supreme Court of Illinois, January 22, 1891.

2.   Appellant is not in a position to question the propriety of permitting the jury to inspect the premises—

First, because no exception to the action of the court upon appellee's motion to permit such inspection was taken and preserved in the bill of exceptions.

Second, because such motion itself was not so preserved and made part of the record.

Third, because the appellant, by procuring the court to instruct the jury on its behalf, that such personal inspection

was a part of the evidence in the case to be considered by
them in arriving at their verdict, is estopped.    Lucas v. Far-
rington, 21 Ill. 30; Gaddy v. McCleave, 59 Ill. 182; Thomp-
son v. White, 64 Ill. 314; Martin v. Foulke, 114 Ill. 206.

3.    It is not necessary to a recovery that there should be a
direct physical injury to the *corpus* or subject of the property.
Under the present constitution it is sufficient if there be
an injury to the right of user or enjoyment by which the
owner sustains some special pecuniary injury in excess of that
sustained by the public generally.    Rigney v. City of Chi-
cago, 102 Ill. 64; C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203;
C. & E. I. R. R. Co. v. McAuley, 121 Ill. 160; L., E. & W.
R. R. Co. v. Scott, 132 Ill. 429.

4.    Every element of damage from the construction and
operation of appellant's road whereby appellee's property is
injured in excess of damage common to the public generally,
whether it be *noise* or something else, is proper to be consid-
ered by the jury.    C., B. & N. R. R. Co. v. Bowman, 122 Ill.
595; Stack v. City of East St. Louis, 85 Ill. 377; Mix v. L.,
B. & M. R. W. Co., 67 Ill. 319.

5.    The demurrer to the declaration was general, and was
properly overruled.    Each count states a cause of action.
Stone v. F., P. & N. W. R. R. Co., 68 Ill. 394; Stack v. City
of E. St. Louis, 85 Ill. 377; C. & W. I. R. R. Co. v. Ayres,
106 Ill. 511.

GREEN, P. J.    This suit was brought by appellee, to recover
damages for the injury resulting to him by the construction
and operation of appellant's railroad.    The jury by their ver-
dict assessed plaintiff's damages at $1,200, for which sum the
court entered judgment, and defendant appealed.

The reasons urged on behalf of appellant why this judgment
ought to be reversed are, that the trial court erred in overrul-
ing defendant's demurrer to plaintiff's declaration; that the
court erred in permitting the jury to view the plaintiff's
premises; that the court erred in admitting evidence of noise
made in operating trains, and in giving an instruction to the
jury.

C., P. & St. L. Ry. Co. v. Leah.

The demurrer was general to the whole declaration, and was properly overruled. Aside from this, after demurrer was overruled, defendant pleaded to the declaration, and can not now be permitted to object to the ruling of the court upon the demurrer. The instruction complained of was given *on behalf of the defendant* below as appears by the record, hence it is estopped to assign as error the giving of same to the jury.

The action of the court in permitting the jury to view the premises does not appear to have been excepted to by anything set forth in the bill of exceptions. A recital by the clerk in the transcript of the record that such exception was taken is not a part of the record. Hence we can not consider this point. Martin v. Foulke, 114 Ill. 206. It may be thought superfluous to say anything further, but we desire to add that our Supreme Court have expressly held the rule to be in cases like this, that the trial court has the power to permit the jury, by a proper order, to view the premises in question, and very satisfactory reasons in support of such rule and a decision announcing it, will be found in Springer v. City of Chicago, 26 N. E. Rep. 514. In regard to the error assigned for improper ruling in the admission of incompetent evidence, counsel for appellant invite our attention to the following testimony. Plaintiff testified in reply to question as to effect of operating trains—" smokes so we can't open window when train is passing; we had to close the window. The effect would be it would fill the house full of smoke. That switch and noise is troublesome; it keeps us awake so we can't sleep."

Counsel for defendant moved to strike out that part of answer with reference to noise and disturbing them in their sleep. Motion overruled and exception.

Testimony of W. D. Harnist, plaintiff's witness, *on cross-examination:*

" Q. What do you consider element of damage ? A. There are a great many inconveniences near a railroad.

" Q. What are they ? A. Smoke, fire and noise.

" Q. How much do you consider on account of noise ? A. I could not tell.

"Q.   One-half?   A.   I don't know, I consider it a damage."

After these questions had been asked and answered, defendant's counsel moved to strike out that part of the testimony in regard to noise.   Motion overruled and exception.

Testimony of Philip Koch, who had lived in one of the houses on plaintiff's premises:

"Q.   What effect, if any, did the passing and repassing of trains have upon Mr. Leah's property, taking everything into consideration?   A.   The trains would shake the windows in the house and leaves in the table.

"Q.   How about the smoke and dust?   A.   We could not keep the windows open if the wind was in the east.

"Q.   How about the sparks?   A.   The passenger would throw considerable sparks when it would start.   I have seen it throw them over his house and on the roof.

"Q.   Which house?   A.   On both of them.

"Q.   How about the noise?   A.   I didn't hear noises every day; in the evening, when the trains would be switching around, and wake the children so they could not sleep, is about all I heard."

Defendant's objection to last question overruled and exception.

The recovery in this case is for the depreciation in value of the property of appellee, caused by the construction and operation of appellant's road, and this recovery covers all damages that would accrue to appellee by reason of the future maintenance and operation of the railroad in a proper manner. For the depreciation so caused, he can have but one recovery. L. E. & W. R. R. Co. v. Scott, 132 Ill. 436.

It is material and necessary, therefore, in order to arrive at a fair measure of compensation for property taken *or damaged* in a case like this, that the plaintiff be permitted to prove the special disadvantages, annoyances and inconveniences, interfering with and abridging the full enjoyment by him of that use and benefit of his property the law entitles him to.   We are of opinion the evidence objected to was properly admitted for the purpose above mentioned.   Counsel for appellant insist that plaintiff can recover only for damages caused by

actual physical injury to the *corpus*, or subject of property, and in support of that contention cite the cases of Stone v. Fairbury, Pontiac & N. W. R. R. Co., 68 Ill. 394; C., B. .& Q. R. R. Co. v. McGinnis, 79 Ill. 269; C., M. & St. P. R. R. Co. v. Hall, 90 Ill. 42; a full review of all these cases will be found in the opinion in Rigney v. Chicago, 102 Ill. 64, and it is there held, that in case of a physical disturbance *of a right*, public or private, which the plaintiff enjoys in connection with his property and which gives it an additional value, and when by reason of such disturbance he has sustained a special damage with respect to his property, in excess of that sustained by the public generally, a recovery is warranted to the amount of the damage. In this opinion also, the meaning of the word " property " as used in the constitution of this State, is defined to be not only the *corpus*, or *subject* of property, but the right to use and dispose of the same.

In the case at bar it appears by the record that appellant chose to locate, construct and operate its railroad so as to cause special damage to appellee, not suffered by the public generally. His property has two dwelling houses upon it and in front abuts upon a public street, twenty feet in width, which is the only public thoroughfare affording access to the property. Appellant's railroad track is laid diagonally across this street so that it is fifty feet from one house and twenty-five feet from the other, and within six feet of the southeast corner of the property. Access to the property enjoyed by plaintiff prior to the construction of the railroad, is thus materially interfered with. The buildings are jarred by trains passing in such close proximity. Dust, cinders, sparks and smoke are thereby thrown upon the premises, and proof of these facts was not objected to, but it is said proof that the noise of trains operated so close to the dwellings, annoyed the inmates and disturbed their slumber, ought not to have been admitted, although it is a fact furnishing an additional reason why plaintiff's property was less desirable as a place of residence, and therefore of less value after appellant constructed and operated its road than it had been before; as we have before said, this evidence was competent. If lands not taken

are depreciated in value by the construction and operation of a railroad, in cases where damages are recoverable for such injury, the measure of damages is the difference in the market value of the property before the construction of the road and after its construction. C., B. & N. R. R. Co. v. Bowman, 122 Ill. 595; Springer v. Chicago, *supra.* We think, in this case, the verdict was warranted by the evidence, and the judgment is affirmed.

*Judgment affirmed.*