# THE CITY OF PEKIN

### *v.*

# JAMES F. BRERETON *et al.*

67   477
38a 653
67   477
66a 115
67   477
77a 139
77a 357
67   477
87a 597

1.  MUNICIPAL CORPORATION—*liability for injury to private property by obstructing access to the same.* Where a city council gave a railroad company the right to construct its track along a public street, and the company, under the right so conferred upon it, made excavations along such street so that the plaintiffs were deprived of convenient access to and from the street and to their lots, and the lots and tenements thereon were subject to injury by the caving and falling of the street and lots: *Held*, that the city was liable to the plaintiffs, in an action on the case, for the injury caused by such excavations.

2.  SAME—*injury resulting from exercise of right to grade streets.* While the corporate authorities of cities are vested with power to grade their streets, yet, the mode in which the power is to be exercised in reference to the rights of others in the enjoyment of their property, is limited, in the same way and to the same extent as the power of a private person in the use of his property, unless such authorities call to their aid the right of eminent domain, in which case compensation must be made.

3.  FORMER ADJUDICATIONS. The case of *Moses* v. *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 21 Ill. 516, and that of *Murphy* v. *The City of Chicago*, 29 Ill. 279, are essentially modified by the case of *Nevins* v. *Peoria*, 41 Ill. 502, and by *The Indianapolis, etc., Railroad Co.* v. *Hartley*, *ante*, p. 439, on this question.

4.  ACTION—*does not lie for a public injury.* If an injury done by any one, is, in its nature, common and general, the law requires it to be made the subject of indictment or other public prosecution, instead of allowing a multitude of private actions; and it seems that, in such case, no private action will lie; but such action will lie for any special damages.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action on the case, brought by James F. Brereton, and Eleanor A. Brereton, his wife, against the city of Pekin, to recover damages done to certain lots owned and possessed by them, by reason of the grading done for and in

the construction of a railroad on a public street in the city of Pekin, opposite the lots in question.

The injury complained of, was the making of deep excavations in the street and sidewalk adjoining the lots, so that the plaintiffs were obstructed, injured and deprived of the use of their lots ; and, also, that plaintiffs were put in great fear that injury would result to said lots and tenements thereon by the caving and falling of the said street and lots.

Mr. THOMAS MAHON, and Messrs. SAWYER & PRETTYMAN, for the appellant.

Messrs. ROBERTS, GREEN & PURPLE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case comes before us on a stipulation as to the facts, and on the rulings of the circuit court on the instructions.

It is not denied, if appellants are liable at all, this action is well brought, but it is claimed by them they are not liable to any action. Their claim to immunity is placed on the ground that the control of the streets of the city is in them as a municipal corporation, placed there by their charter, and as the railroad was constructed for the public good, as is admitted by appellees, appellants are not responsible to individuals for any damages resulting to them in the lawful exercise of a power with which they are vested.

It is admitted the authorities of the city had not, prior to the injury of which complaint is made, established the grade of these streets by any ordinance or other act or resolution, and that the title to the lots in question, and the actual possession thereof, were in appellees at the time of the injury and of action brought. It is also admitted that the property of appellees was damaged by the excavation and embankments made by the railroad company, to the amount of six hundred and fifty dollars, as found by the jury in their verdict It is also admitted the railroad company were authorized, by an

ordinance of the common council, to do the acts they did do, and of which complaint is made. It does not appear that the fee of these streets is vested in the city of Pekin.

On the questions presented, the authorities are not entirely harmonious. We do not deem it necessary now to review them, as that labor has been performed by this court in *Nevins* v. *The City of Peoria*, 41 Ill. 502, which, in principle, is analogous to this case.

To sustain the views held by the counsel for the city, the case of *Wilson* v. *The Mayor, etc., of New York*, 1 Denio, 597, was relied on as it is in this case, holding, as it does, a city was not liable for damages resulting to the property of one from the exercise of a power with which they were clothed. This court, whilst admitting the power to grade the streets, said, that the mode in which the power is to be exercised, in reference to the rights of others in the enjoyment of their property, is limited in the same way and to the same extent as the power of a private person in the use of his property, unless the city calls to its aid the right of eminent domain ; and if it does that, the right is to be exercised on making compensation as required by the constitution.

We do not deem it necessary to question, here, the authority of the cases cited by appellants, among which, and a leading case, is *The Proprietors, etc.* v. *The N. S. R. R. Co.* 10 Cushing, 385, where it was held, if an injury done by any one is, in its nature, common and general, the law requires, instead of a multitude of private actions, that it shall be the subject of an indictment or other public prosecution.

But, in this case, it was said that all direct damage to real estate by passing over it, or part of it, or which affects the estate directly, though it does not pass over it as by a deep cut or high embankment, so near lands or buildings as to prevent or diminish the use of them, all these, and others of like kind, are proper subjects for the assessment of damages.

Did it appear in this record that the construction of this railroad upon these streets worked injury to appellees only in

common with the rest of community, we would be disposed to hold no private action would lie, but here is shown a direct, special injury, affecting appellees only. It is not an injury common to all, but special to appellees.

In *Nevins* v. *City of Peoria, supra,* the authorities on the points made here and cited here were reviewed, and this court reached the conclusion that, although a city has power and authority to elevate or depress the grade of its streets, as it may deem proper, yet if, in so doing, it inflicts an injury upon a lot owner, peculiar to him alone, it can not be exempted from liability ; and should it become necessary, for the interests of the public, in the process of grading the streets, or, we may add, laying down a railroad track thereon, the lot of an individual shall be rendered unfit for occupancy, wholly or in part, the public must pay for it to the extent to which it deprives the owner of its legitimate use.

This was said under the constitution of 1848, and is based upon the well known and approved maxim of the common law, "So exercise your own rights as not to injure others."

But the constitution of 1870, in force when the injury of which complaint is made, was done, provides in the "Bill of Rights," section 13 of the second article, that "private property should not be taken or damaged for public use without just compensation." It will not be denied this provision rests upon a great principle of right and justice which would, doubtless, be applied by courts in every proper case without constitutional sanction. With this clause of the constitution before us, we can not entertain a doubt of appellees' right to recover to the extent of the damage they have sustained.

The case of *Moses* v. *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 21 Ill. 516, and that of *Murphy* v. *City of Chicago,* 29 ib. 279, were decided long anterior to the adoption of the present constitution, and are essentially modified by *Nevins* v. *Peoria, supra,* and also by *Indianapolis, etc., Railroad Co.* v. *Hartley, ante,* p. 439. We are, as time advances, the more convinced of the justice of the views announced by this court,

that, in the exercise of power conferred upon a municipal authority, private rights must be regarded; that individual property is not at the mercy of municipal power.

As the finding of the jury and the judgment of the court are in accordance with the views we have here presented, it is unnecessary to examine, particularly, the rulings upon the instructions.

The judgment must be affirmed.

*Judgment affirmed.*