# PATRICK H. STACK

## *v.*

# THE CITY OF EAST ST. LOUIS.

1. MUNICIPAL CORPORATIONS—*as to granting use of streets—liability to adjacent property owners.* If a city authorizes a bridge company to construct an approach to a bridge in a public street, whereby the same is obstructed in front of, and along a party's lot abutting on the same, rendering the use of the street in front of the lot impassable and useless, and whereby egress and ingress to the lot from the street is prevented, and water is caused to drain and flow upon the lot, and fill the cellars thereon, and, by reason of the noise, confusion, shaking, and the falling of dirt and dust, caused by teams and wagons passing over the approach, the plaintiff's tenants occupying the houses on the lot are driven out, and the property injured and rendered less productive, the city will be liable to such lot owner, in an action on the case, for all the damage thus caused to his premises.

2. Although a city holds the fee to its streets, yet it is in trust for the use of the public for the legitimate purposes of a street. It has no power

| 85 | 377 |
| 32a | 384 |
| 85 | 377 |
| 139 | 63 |
| 85 | 377 |
| 148 | 62 |
| 85 | 377 |
| 150 | 593 |
| 85 | 377 |
| 55a | 110 |
| 85 | 377 |
| 77a | 358 |
| 85 | 377 |
| 181 | 307 |
| 85 | 377 |
| 184 | 595 |
| 87a | 598 |
| 87a | 601 |
| 85 | 377 |
| 212 | 1412 |

to sell, lease or otherwise appropriate it to other purposes; nor can a street be closed or obstructed so as to deprive the public from its use as a highway. It is the duty of the city to keep its streets open and in repair for the use of all persons who desire to use them for travel and passage thereon.

3. It has been held, that a city or village may authorize the laying of railroad tracks in their streets, and that such a use is not inconsistent with the trust for which they are held; but in so doing, the city has no right to so obstruct the streets as to deprive the public and adjacent property holders from their use as highways. Their primary object is, for ordinary passage and travel, and the public or individuals can not be rightfully deprived of such use.

4. A city has no right to so obstruct its streets, or to authorize the same to be done, as to deprive property holders from free access to and from their lots abutting on the same. If it permits the use of a street for an approach to a bridge, it must see that the approach is so constructed as not to produce injury to adjacent property holders.

5. SAME—*liability for acts it permits to be done.* If the municipal authorities of a town or city authorize a structure upon a public street, or other obstruction, that causes injury to adjacent lot holders, it will be liable for the damages sustained. What it does by another, it does by itself.

APPEAL from the Circuit Court of St. Clair county.

This was an action on the case, by Patrick H. Stack, against the city of East St. Louis.

Mr. L. H. HITE, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The declaration in this case avers that, on and before the 26th day of February, 1873, plaintiff was the owner of a lot in the city of East St. Louis, abutting on Crook street, and on a level with it. It further avers that the city, having control of the street, by ordinance authorized and permitted the Illinois and St. Louis Bridge Company to enter into the possession and to erect a superstructure, or approach, to the eastern end of its bridge, over Crook and other streets; that, in pursuance of the ordinance, the bridge company entered into

possession of the street and obstructed the same in front of and along plaintiff's land with the superstructure of the approach to the eastern end of the bridge, of wood and iron, high above the level of plaintiff's lot and the grade of the street, and thereby then and there rendered Crook street permanently impassable and useless as a street along plaintiff's land, and obstructed plaintiff's egress and ingress to his land from the street; and thereby then and there, by means of the obstruction, the water was caused to drain and flow upon the plaintiff's land, and to fill the cellars upon the same, and, by reason of the noise, confusion, shaking, and the falling of dirt and dust, caused by teams and wagons passing over the bridge approach, plaintiff's tenants occupying the houses thereon were driven out, and, by reason thereof, plaintiff can not procure other tenants to occupy the premises, and they are thereby rendered unproductive, by reason whereof the land was greatly injured and permanently damaged, whereby be has sustained damage.

To the declaration the city demurred, and the court held, that the declaration disclosed no cause of action, and sustained the demurrer, and rendered judgment against plaintiff for costs of the suit, and he brings the record to this court and asks a reversal.

In favor of affirmance, it is urged that the fee in the street is in the city, and it could appropriate the street as it did without incurring liability. It is true that the city holds the fee, but it is in trust for the use of the public for the purposes of a street. The city has no power to sell, lease or otherwise appropriate it to other purposes; nor can it be closed or obstructed so as to deprive the public from its use as a highway. Such public passways are indispensable to the owners of lots in cities and villages. They are laid out and appropriated for that purpose, and it is the duty of the city government to keep them open and in repair, for the use of all persons who desire to use them for travel and passage over them.

It has, however, been held, that a city or village may authorize the laying of railroad tracks in their streets; that such a use is not inconsistent with the trust for which they are held

by the city. But, in thus permitting them to be used, the city has no right to so obstruct the streets as to deprive the public and adjacent property holders from their use as streets. The primary object is, for ordinary passage and travel, and the public or individuals can not be rightfully deprived of such use. Nor has the city the right to so obstruct its streets as to deprive property holders from free access to and from their lots. It may, no doubt, establish a grade for its streets, and in doing so, if judiciously and carefully done, it will not be liable for damages by reason of the grade being raised above or sunk below the surface of adjoining lots; but if the grade thus established shall be done in an unskilful manner, and injury results, the city will be liable in damages for the wrong thus inflicted.

Whilst the city may have had the right to permit the construction of the approach to the bridge, in the street, still, it could only permit it to be done in such a manner as not to produce injury to property holders abutting the street. In the case of *Nevins* v. *The City of Peoria*, 41 Ill. 502, it was held, that, whilst the city had the right to grade its streets by lowering or raising them, the property holders adjacent to the street thus graded can not call the city to account for error in judgment in establishing the grade, nor can they recover damages for inconveniences or expense in adjusting the approach to their premises for the purpose of ingress or egress; that a city, whilst it is the owner of its streets, has no more power over them than has a private individual over his own land, and it can not, under the claim of public convenience, be permitted to exercise that dominion to the injury of another's property in a mode that would render a private individual responsible in damages, without itself becoming responsible. It was also held, that, if it should become necessary for the interest of the public, in grading or draining the streets, that the lot of an individual shall be rendered unfit for occupancy, either wholly or in part, the public should pay for it to the extent to which the owner is deprived of its legitimate use; that the constitution provides that private property shall

not be taken for public use without due compensation, and that provision applies as well to secure the payment for property partially taken for the use or convenience of a street, as where wholly taken and converted into a street,—the question as to the extent to which the property is taken, makes no difference in the application of the rule; that private rights are never to be sacrificed to public convenience or necessity without full compensation, and that, for such an injury inflicted, an action may be maintained, and damage recovered as a compensation. To the same effect are the cases of *City of Aurora* v. *Gillett*, 56 Ill. 132; *City of Aurora* v. *Reed*, 57 ib. 29; *City of Dixon* v. *Baker*, 65 ib. 518; *City of Alton* v. *Hope*, 68 ib. 167. The latter cases follow *Nevins* v. *The City of Peoria, supra.*

The case of the *City of Pekin* v. *Brereton*, 67 Ill. 477, in almost every essential particular, is like the case at bar. It was there held, that, where the city council gave a railroad company the right to construct its track along a public street, and the company, under the right thus conferred, made excavations in the street, so that the owners of abutting lots were deprived of convenient access to and from the street, and to their lots, and their lots and the tenements thereon were subjected to injury by the caving and falling of the streets and lots, the city was liable to the plaintiff for the injury caused by such excavations. That case also reaffirms the rule as to the use of the streets, and the manner of their improvement, announced in *Nevins* v. *The City of Peoria;* and in that case it was held, that the cases of *Moses* v. *The Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 21 Ill. 516, and *Murphy* v. *The City of Chicago,* 29 ib. 279, were essentially modified by the case of *Nevins* v. *The City of Peoria,* and other subsequent cases in this court.

In the case of *Stone* v. *The Fairbury, Pontiac and Northwestern Railroad Co.* 68 Ill. 394, it was held, that the throwing of smoke and dust, by a railroad company, on the property of the plaintiff, or other physical injuries inflicted, gave the owner a right of recovery. This was a case where the railroad

was constructed in a street by authority of the village, and, to that extent, it is similar to the case at bar.

In this case, as in *Nevins* v. *The City of Peoria, supra*, the construction of the approach to the bridge turns water on the premises of appellant, and, as in the case of *The City of Pekin* v. *Brereton, supra*, he is deprived of access to and from the street, and to his property; and, like *Stone* v. *The Fairbury, Pontiac and Northwestern Railroad Co. supra*, dust and dirt were thrown on his land. These cases clearly authorize a recovery for each of these several injuries; and the cases against the cities of Peoria, Aurora, Dixon and Alton, establish the rule, that the city. had it made the structure causing the injury, would have been liable to respond in damages; and the case of *The City of Pekin* v. *Brereton, supra*, announces the rule, that, where the city authorizes the structure which causes the injury, it will be liable for damages. What a person does by another. he does by himself, is a familiar maxim of the law; and when the city authorized the bridge company to construct this approach, it became responsible for all the damages resulting, precisely as though it had made the structure itself.

From the cases referred to, there can be no doubt that the declaration shows a good cause of action, and the court below erred in sustaining the demurrer to it. The judgment must be reversed and the cause remanded.

*Judgment reversed.*