FREDOLINE BROSS

v.

THE CAIRO AND VINCENNES RAILROAD COMPANY, use, etc.

1.  RECOUPMENT.—Mutual demands arising out of the same subject-matter and capable of being balanced against each other, may be adjusted in one action by recoupment.  It is not necessary the opposing claims should be of the same character; a claim originating in contract may be set up against one founded in tort, if they arise out of the same subject-matter, and are susceptible of adjustment in one action.  So, in an action upon a note given to aid the construction of a railway, the defendant may prove by way of recoupment, damages arising from the construction of the railway across his own lands, in violation of an agreement not to do so, made at the time of giving the note.

2.  CONTRADICTING WRITING BY PAROL.—The rule excluding parol evidence in cases of written instruments does not apply in cases where the original contract was verbal and entire, and a part only was reduced to writing; nor where a failure or want of consideration is set up as a defense.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.  Opinion filed October 6, 1881.

Messrs. LINEGAR & LANSDEN, for appellant; that parol evidence of the contemporaneous agreement was admissible, cited Shugart v. Moore, 78 Pa. St. 469; Pike v. Fay, 101 Mass.

134; Pierce v. Woodward, 6 Pick. 206; Mann v. Smyser, 76 Ill. 365; Ruff v. Jarrett, 94 Ill. 475; Barclay v. Wainwright, 86 Pa. St. 191; Van Brunt v. Day, 81 N. Y. 251; Weaver v. Fletcher, 27 Ark. 510; Basshor v. Forbes, 36 Md. 154.

Upon the right to recoup damages: Edwards v. Todd, 1 Scam. 462; Nichols v. Ruckels, 3 Scam. 298; Kaskaskia Bridge Co. v. Shannon, 1 Gilm. 15; Sanger v. Fincher, 27 Ill. 346.

Damages may be recouped under the general issue: Babcock v. Trice, 18 Ill. 420; Murray v. Carlin, 67 Ill. 286; Cook v. Preble, 80 Ill. 381.

Recoupment has always received favorable consideration from the courts: Stow v. Yarwood, 14 Ill. 424; Streeter v. Streeter, 43 Ill. 155; Peck v. Brewer, 48 Ill. 54.

Messrs. GREEN & GILBERT, for appellee; relied upon C. & V. R. R. Co. v. Parker, 84 Ill. 613.

WALL, J. This was an action of assumpsit by appellee against appellant upon an instrument in writing in the words and figures following :

"CAIRO, ILL., Dec. 18, 1867.

"For value received, I promise to pay to the order of the Cairo and Vincennes Railroad Company the sum of two hundred dollars; this note to become due and payable when the track of said railroad shall be laid from Cairo through Pulaski county, and cars shall have run thereon.          F. BROSS."

The declaration contained two special counts and the common money counts.    The first special count set out the said instrument *in haec verba,* and alleged that the said railroad was laid Cairo. through Pulaski county, and that cars had run thereon, from on December 15, 1872.   The second special count set out the legal effect of the instrument, and alleged that the track of said road had been laid and cars had run, etc., as stated in the first count, and that the defendant had notice thereof, etc.

The defendant pleaded the general issue, and five other pleas. The plaintiff demurred to the 2nd, 3rd, 5th, and 6th pleas, and replied specially to the fourth plea.

The fourth was a plea of want of consideration.  To this plea the plaintiff replied that upon the faith of the said instrument in writing, and other donations and subscriptions, the railroad company had expended more than a million of dollars in the construction of its road, etc.  The court sustained the demurrer to the 2nd, 3rd, 5th, and 6th pleas, and the defendant stood by the pleas.

It is urged that the court erred in sustaining the demurrer to the 2nd and 3d pleas.  The 2nd plea alleged that the defendant was the owner of a large quantity of real estate situate on Commercial Avenue, in Cairo, Illinois, of great value; that the note was given upon the understanding between defendant and the plaintiff that the road should not be built along said avenue, as had been the previous intention; that the defendant had formerly refused to give the note in suit for the reason that he believed the road, if built, would be built along said avenue, and would greatly injure his property, but that when he was informed by said company that said road would not be built along said avenue, and was again requested to give said note, he consented to do so upon said understanding and agreement; that after the making of the said note, which was really but a donation to the company to induce it to build the road, the company proceeded to build the road, and did, in violation of its said agreement and understanding, lay the track along said avenue, and in front of the property of the plaintiff and against his protest and objection, and to his injury.

The third plea set up substantially the same facts as the second; alleged that the property of defendant was damaged by reason of the building of the road, in the sum of fifteen hundred dollars, and offered to set off so much thereof as would cover the amount due on the note.  No point is made as to the ruling of the court on the 5th and 6th pleas.  On the trial the defendant offered to prove the facts set up in the third plea by way of recoupment under the general issue, but the court declined to hear the proof, and the plaintiff having first introduced the note and proved the completion and operation of the road prior to Jan'y 1, 1873, recovered a judgment

for the amount due on the note. It is urged by counsel for appellee—plaintiff below—that the questions arising in this case have been settled by the Supreme Court in the case of the C. & V. R. R. Co. v. Parker, 84 Ill. 613. In that case a note similar to this was involved, and the maker sought to prove that it was given upon the express understanding that the road should be fully built and completed within two years from the date; that such understanding was the sole consideration of the note; that the road was not built within the time fixed, and so the consideration failed. The Supreme Court were of opinion that the defense, if allowed, would amount to an alteration or change of the terms of the note, and applied the familiar rule that parol contemporaneous evidence is not admissible to change the legal force and effect of a written instrument, or to make the contract different from what the writing imports, and therefore disallowed the defense. Upon the question whether the Parker case is fully in point and controls this, so far as the second plea is concerned, the members of the court sitting in this case are not perfectly agreed, and as the case may be disposed of on other grounds, and without considering that branch of it, no opinion need be expressed upon it.

The third plea was in substance a plea of recoupment, and this, as well as the offer of the evidence under the general issue, presents the question whether the matters contained in that plea can be shown by way of recoupment. In Stow v. Yarwood, 14 Ill. 429, the Supreme Court of this State placed the doctrine of recoupment on a solid basis and announced the broad rule that mutual demands arising out of the same subject-matter, and capable of being balanced against each other, may be adjusted in one action by recoupment; that it is not necessary the opposing claims should be of the same character. A claim originating in contract may be set up against one founded in tort, if the counter claims arise out of the same subject-matter and are susceptable of adjustment in one action. This doctrine tends to promote justice and prevent needless litigation. It avoids circuity of action and multiplicity of suits. Our Supreme Court have repeatedly approved the views expressed in Stow v. Yarwood, and the doctrine is prom-

inent in the various States of the Union, and comports with
the common practical demand for a speedy adjustment of con-
troversies with the fewest possible complications.

But it is urged by counsel that this doctrine cannot be in-
voked here because to prove the facts set up in the third plea
would be to vary by parol the terms of the written instru-
ment.  As we read that instrument it expresses how much
money shall be paid, when, to whom, and by whom.  It does
not in terms give the consideration on which it is based; it
does not in any manner refer to the location of the road, and
to prove the facts alleged does not contradict or vary anything
that is written, but only establishes by parol a stipulation made
at the time the note was given, but which was not then reduced
to writing.  The rule excluding parol evidence does not apply
in cases where the original contract was verbal and entire, and
a part only was reduced to writing:  1 Gr. Ev. Sec. 284, a.
Nor where a failure or want of consideration is set up as a
defense.  G. W. Ins. Co. v. Rees, 29 Ill. 272.  Waterman
on Set-off thus states the doctrine on this point as appli-
cable to the subject of recoupment, Sec. 468:  "But where the
part of the contract upon which the action is brought con-
sists of mutual stipulations, made at the same time and
relating to the same subject-matter, there may be a recoup-
ment of damages for the breach of another part; whether the
different parts are contained in one instrument or in several,
and although one part is in writing and the other by parol."
And as follows, Sec. 542:  "There can be no difference in prin-
ciple, whether the whole transaction is embodied in one writ-
ten instrument, setting forth the cross-obligations of the par-
ties, or whether it takes the form of a separate and distinct
undertaking by each party, nor can it make any substantial
difference that the undertaking of one party has been reduced
to writing, while the engagement of the other party remains
in parol;" and the same views are clearly stated in Batterman
v. Pierce, 3 Hill, 171; Branch v. Wilson, 13 Fla. 543.  But
aside from this aspect of the case, and ignoring the element
of the alleged agreement, that the road should not be built
along Commercial avenue, we are inclined to think that the

proof was competent as tending to make out a right of action, independent of the contract. In a word, the offer then was to show that by reason of the construction of the road along the street in front of the defendant's property, he had sustained a direct and special injury. Does not such an offer tend to show a *prima facie* cause of action?

The road was built, as the evidence tends to show, since the adoption of the present Constitution, which declares, Sec. 13, Art. 2, that property shall not be taken or damaged for public use without just compensation. Without discussing the subject in its details, we are disposed to hold that the evidence offered made a *prima facie* case, subject, perhaps, to be overcome by a full development of all the facts which might have followed in the investigation thus commenced. City of Pekin v. Brenton, 67 Ill. 477; Stone v. Fairburg, etc. R. R. 68 Ill. 394; Stock v. City of East St. Louis, 85 Ill. 377. Did this, then, arise out of the same subject-matter as that upon which the plaintiff sued? We think it must be so considered, and that it would be an undue refinement of language to say otherwise. For the reasons given we are of the opinion that the judgment of the circuit court should be reversed and cause remanded for another trial, and it is so ordered.

Reversed and remanded.