The Chicago, Burlington & Quincy Railroad Company

v.

The City of Quincy.

*Railroads—Injunctions—Streets—Obstructions in—Deed—Decree—Evidence—Sufficiency of—Rights of Public.*

1. A city is powerless to confer a right so to use its streets as to hinder or obstruct the concurrent use by the public thereof.

2. While statutes of limitation do not run against municipal corporations as to public rights, the principle of estoppel *in pais* may be so applied.

3. In an action brought to enjoin a railroad company from placing obstructions in certain portions of city streets, the deed under which the company claimed the right to act in the premises containing a provision that they, or portions thereof in which any right and privileges were granted to the company, should be by them so graded and their tracks so laid that carriages, wagons, drays and vehicles of all kinds might conveniently cross the same, it is *held:* That the decree in behalf of the plaintiff was within the provisions of the deed, and that the same was supported by the evidence.

[Opinion filed February 14, 1890.]

Appeal from the Circuit Court of Adams County; the Hon. William Marsh, Judge, presiding.

Messrs. J. F. Carrott and O. F. Price, for appellant.

Equity never interferes where there is a plain and adequate remedy at law. Schurmeier v. St. Paul & P. R. R. Co., 8 Minn. 113; Hodgkinson v. L. I. R. R. Co., 4 Edw. Ch. 411; Goodell v. Lassen, 69 Ill. 145; Mills v. Parlin, 106 Ill. 60.

Bill alleging that trespasser is about to commit irreparable injury must allege his insolvency, or otherwise it will be dismissed. There is no allegation of that kind in the bill filed in this cause. Ganse v. Perkins, 3 Jones' Eq. 177; Owens v. Crossett, 105 Ill. 354; Thornton v. Roll, 118 Ill. 350.

A court of chancery will not assume jurisdiction to control the use of a street in a city by a railroad company, or the manner in which the track is laid, etc. C. & V. R. R. Co. v. The People, 92 Ill. 170; Mills v. Parlin, 106 Ill. 60, and cases cited; The City of Waterloo v. The Waterloo St. Ry. Co., 71 Ia. 193.

To warrant the court in issuing an injunction strong *prima facie* evidence of the facts on which the complainant's equity rests must be presented to the court, as well as a full and candid disclosure of all the facts. 1 High on Inj., Section 11; 2 High on Inj., Section 1575; 2 Joyce on Inj., page 1034; Reddall v. Bryan, 14 Md. 444; Johnston v. Glenn, 40 Md. 207.

A party is precluded from an injunction after long acquiescence; Kerr on Inj., 348; Hilliard on Inj., 24; 1 High on Inj., Sections 618 and 643; Carpenter v. Carpenter, 70 Ill. 457, 463; Vail v. Mix, 74 Ill. 128; Higbee & Riggs v. C. & A. R. and T. Co., 5 C. E. Green, 442; Greenhalgh v. Manchester & B. Ry. Co., 1 Ry. Ca. 680; S. C. in 3 Myl. & C. 784.

Estoppel *in pais* applies to a municipal corporation. C. & N. W. Ry. Co. v. The People ex rel., 91 Ill. 254; Martel v. City of East St. Louis, 94 Ill. 69.

For an obstruction to a public highway an injunction is not a favored remedy, whether sought by the public or an individual. Irwin v. Dixion, 9 How. (U. S.) 10.

The fee of the streets in Quincy, Illinois, being in the city, it follows that the city of Quincy had full authority to authorize the railroad company to lay down railroad tracks in said streets, and to operate engines and cars thereon. Stetson v. C. & E. R. R. Co., 75 Ill. 74; Patterson v. C. D. & V. R. R. Co., 75 Ill. 588; Peoria & R. I. R. R. Co. v. Schertz, 84 Ill. 135; Truesdale v. Grape Sugar Co., 101 Ill. 561.

Messrs. W. G. Feigenspan, City Attorney, and Carter, Govert & Pape, for appellee.

The jurisdiction of a court of equity to restrain by injunction at the instance of a city the placing of encroachments or obstructions on public streets and highways is well established. Metropolitan City Ry. Co. v. Chicago, 96 Ill. 620, and numerous cases there cited; Jacksonville v. Jacksonville Ry. Co., 67 Ill. 540; Town of Burlington v. Schwarzman, 52 Conn. 181; S. C. 52 Am. Rep. 571; Huddleston v. Killbush Township, 7 At. Rep. (Pa.) 210; Board of County Com. v. St. Cloud, etc. Ry. Co. 32 N. W. Rep. (Minn.) 91, and cases cited; Inhabitants of Watertown v. Mayo, 109 Mass. 315; Cheek v. Aurora, 92 Ind. 107; Taunton v. Taylor, 116 Mass. 254; Cobb v. I. & St. L. Ry. Co., 68 Ill. 233; Dill. Mun. Corp. (3d Ed.) § 405 n. 2, § 659, § 660 notes 1 and 4, § 662 n. 1, § 706 n. 1; High on Inj., § 819 and § 768, and cases there cited.

Although it is a legitimate use of a street of a city to permit railroad tracks therein, yet such use must be consistent with the public interests in them, and neither a city nor the State Legislature can confer upon any one a right to their exclusive use or a right to so use them as to hinder or obstruct the public in a concurrent use of them. St. L., A. & T. H. R. R. Co. v. City of Belleville, 20 Ill. App. 580, and cases there cited; Jacksonville v. Jacksonville Ry. Co., 67 Ill. 540; Stack v. East St. Louis, 85 Ill. 377; Pitts., Ft. W. & C. Ry. v. Reich, 101 Ill. 157; Chicago Dock & Canal Co. v. Garrity, 115 Ill. 155; City of Morrison v. Hinkson, 87 Ill. 587; City of Quincy v. Jones, 76 Ill. 231.

The decree granting the injunction is not too broad. It will be construed with reference to the claim of right, and the fair construction of the injunction is that the defendant shall not so obstruct the streets in question, or so grade, improve or use them in operating its road as to prevent their unobstructed use by the public as public thoroughfares. City of Quincy v. Bull, 106 Ill. 337.

CONGER, J. This was a bill in chancery filed by the city of Quincy against the railroad company, praying for an injunction to restrain the latter from placing certain alleged obstructions in those portions of Broadway and Spring streets, in the city of Quincy, which lie west of the west line of Front street.

Broadway and Spring streets are alleged in the bill to be two of the principal streets of the city running east and west, terminating at their western ends at the edge of the Mississippi river, and forming two of the approaches to the river and landing thereon, and for years have, by a natural gradual descent, extended to the river's edge, making it possible for footmen, horsemen and vehicles to pass and repass from the edge of the river up and over said streets to the city, and that such streets have been so used by the public for a long time.

Appellant filed its answer, relying first upon a deed executed by the Northern Cross Railroad Company as party of the first part, and the city of Quincy as party of the second part, containing many mutual grants, covenants and agreements in reference to the use and occupation of certain ground upon the river front, which we do not think necessary to notice in detail, but one clause of which is as follows :

" And the said party of the second part also grants to the said party of the first part the right and privilege of grading, improving and using that portion of Broadway street which lies west of the west line of Front street, and also that portion of Spring street which lies west of 'the west line of Front street to the Mississippi river, to suit the convenience of said company, and to construct thereon such railroad tracks, side-tracks, switches and frogs, as the said parties of the first part may desire, and to use the same in the passage of machinery and cars to and fro, or in permitting them to remain thereon, as the convenience of the company may require in the transaction of their business, but without any right to erect on said parts of said streets any building or buildings, or to otherwise appropriate any part thereof to private use, except as hereinbefore stated, and these portions of Broadway and Spring streets, and all other streets in said city, not herein conveyed, in which any rights and privileges are herein granted to said parties of the first part, shall be by them so graded, and the railroad tracks so laid, that carriages, wagons, drays and vehicles of all kinds may conveniently cross the same."

It also avers that by reason of certain foreclosure proceedings it has succeeded to all the rights and privileges of said Northern Cross Railroad Company, which have been repeat-

edly recognized by the city; also that it has, for more than twenty years, constructed tracks, switches, etc., over and across those portions of Broadway and Spring streets lying west of the west line of Front street, under and by virtue of the rights and privileges granted in said deed; and in reference to the question at issue, the answer says that at the time of the commencement of this suit it was preparing and intending to commence and complete the laying of another railroad track, side-track or switch, over and across said Broadway and Spring streets, which lie west of the west line of said Front street, and nearer the said Mississippi river or said "Quincy Bay," than any other railroad track or side-track heretofore laid over and across said parts of said streets, and before laying said railroad track or side-track, it was necessary to throw up and construct a small embankment over and across said streets and north and south of said streets, on which to lay said rail-road tracks or side-track, so as to prevent the water from said Mississippi river and from said "Quincy Bay" overflowing said track and said ground; and the defendant says that the laying of said railroad track, side-track or switch was and is essential to the use, maintenance and operation of defendant's said railroad, but this defendant denies; that in constructing said embankment of earth, cinders, sand and gravel, and other material, over and across those portions of Broadway and Spring streets in said city of Quincy which lie west of the west line of said Front street, it will hinder and prevent the use of said streets or any part thereof by the citizens of said city of Quincy, or by the public at large, and it denies all and any purpose and intention to obstruct said portions of said Broadway and Spring streets in any material respect by the location and construction thereon of its said railroad track, side-track or switch; on the contrary, said defendant avers and states that its design and intentions are and were to so construct and lay its said railroad track or side-track thereon that carriages, wagons, drays and vehicles of all kinds might conveniently cross the same; and the defendant, in fact, insists that the use and occupation of said streets, or parts of said streets, for the purpose of laying the railroad track therein, is the lawful and proper appropriation of said parts

of said Broadway and Spring streets to the legitimate pur-
poses of a street or highway; and that, by authorizing such
use thereof, the legislature but regulated the mode and
means of using and enjoying the public easement therein, and
does not in any manner appropriate, dispose of, or interfere
with, the ultimate rights of the owners of the fee of the land
in said streets or parts of said streets, or the rights of the
owners of lots or blocks lying near or contiguous to said parts
of said streets.

The Circuit Court rendered a decree in which the findings
recite the history of the use and occupation of these grounds
and many other things which we do not regard it necessary
to set forth in detail, but upon the real question at issue the
decree is as follows: "And the court further finds that the
equities of this case are with the complainant, and that all of the
material allegations of complainant's bill of complaint are
true as therein alleged. It is therefore ordered, adjudged
and decreed by the court that the said defendant, the Chicago,
Burlington and Quincy Railroad Company, its officers, agents,
attorneys, servants and employes be, and they are, and each
of them is, hereby perpetually enjoined and restrained from
depositing any stone, earth, cinders, gravel or other materials
upon, or from so erecting any embankment or other obstruction
upon, and from so grading said parts of Broadway and Spring
streets, or either of them, extending from said Front street
to the Mississippi river, or the said bay, or from so laying any
railroad tracks thereon, and from otherwise so appropriating
the said parts of said streets to defendant's use, and from so
obstructing the same as to prevent the free use and enjoyment
thereof by the public as public streets of said city, to and from
the said river or body of water, or in such manner as to pre-
vent the landing of steamboats and other water crafts plying
upon said river and body of water, or in such a manner as to
destroy and impair the use of the same as public levees or
landings, or in such a manner as to prevent wagons, vehicles,
carriages or the public from crossing and recrossing continu-
ally along said parts of Spring and Broadway streets, west of
Front street, to and from the said river or body of water, or
in such a manner as to prevent the citizens of Quincy and

public at large from having the free and unobstructed use of said parts of said streets as pub'ic streets in said city of Quincy, or from interfering with the complainant in the use thereof as such public streets, and from the erection and construction of the said obstruction or embankment upon and across said parts of said Spring and Broadway streets as aforesaid, mentioned in said bill and hereinbefore mentioned, and from otherwise obstructing, or further obstructing said parts of said Broadway and Spring streets, and either of them, in any manner so as to prevent or hinder the free and convenient use of said parts of said streets by the complainant and the citizens of said city of Quincy and the public at large as such public streets of said city. And it is further ordered by the court that the people's writ of injunction issue out of this court against the said defendant, its officers, agents, attorneys, servants and employes perpetually enjoining and restraining them, and each of them, as aforesaid in this decree provided."

We think this decree is fully warranted by the evidence in the case, nor is it inconsistent with the conditions of the deed of the city of 1855. By the terms of this deed it is provided that " the portions of Broadway and Spring streets, and all other streets in said city not herein conveyed, in which any rights and privileges are herein granted to said parties of the first part, shall be by them so graded and the railroad tracks so laid that carriages, wagons, drays and vehicles of all kinds may conveniently cross the same." By the decree appellant is enjoined from depositing materials upon, or from so erecting embankments or obstructions upon, and from so grading said streets, or from so laying tracks thereon or obstructing the same, as to prevent the free use and enjoyment thereof by the public as public streets, or to destroy or impair the use of the same as public levees or landings, or to so construct their embankment as to prevent wagons, vehicles, carriages or the public from crossing and recrossing continually along said streets to and from the river.

While the language of the decree is much more voluminous than that of the deed, they both mean substantially the same thing, and that is, that the railroad company in constructing any of its tracks across these streets, shall do so with a

due regard to the right of the public to use them as public highways, and use the ends of them, where they lie upon the margin of the river, for any public purpose which may be useful and proper to the public. By this decree, appellant is left at liberty to construct as many tracks and make as many embankments as it may desire, provided, in doing so, it keeps these streets in such a condition that the public can also use them.

Counsel for appellant, in their brief, say: "We ask, has the defendant company the right and privilege to grade, improve and use these parts of said streets to suit the convenience of said company, and to construct thereon such railroad tracks, side-tracks, switches and frogs, as the said company may desire, and to use the same in the passage of machinery and cars to and fro, or in permitting them to remain thereon, as the convenience of the company may require in the transaction of its business."

We have no hesitation in answering that it has not. It is expressly withheld from them in the deed upon which they rely, and were it not, the city would be powerless to confer a right to so use its streets as to hinder or obstruct the public in a concurrent use of them. Stack v. E. St. Louis, 85 Ill. 377; St. L., A. & T. H. R. R. Co. v. Belleville, 20 Ill. App. 580; Dillon on Municipal Corporations, Sec. 541; Chi. Dock & Canal Co. v. Garrity, 115 Ill. 155.

Neither do we find anything in this record that should be regarded as an estoppel against the city asserting its right to the reasonable use by the public, with appellant, of these streets.

While statutes of limitations do not run against municipal corporations as to public rights, the principle of estoppel *in pais* may be applied even against public rights, where all the circumstances of the case equitably require it. We find nothing in the facts of this case requiring the application of this principle, and have been unable to discover in this decree anything unjust or unreasonable toward the rights of appellant.

Believing, as we do, that the decree is equitable, and supported by the evidence, it will be affirmed.

*Judgment affirmed.*