## Chicago Office Building v. The Lake St. Elevated Ry.

1. STREETS—*Elevated Railroad Not an Additional Servitude.*—An elevated railroad for the transportation of passengers from place to place in a city is a legitimate use of a city street and is not an additional servitude thereon.

2. ABUTTING OWNERS—*Elevated Railroads—Damages.*—Under the constitution of 1870 owners of property abutting on a street in which an elevated railroad is constructed are entitled to recover such damages as they sustain by such construction.

Trespass on the Case.—Appeal from the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded with directions. Opinion filed February 26, 1900.

PECKHAM, BROWN & PACKARD and PIKE & GADE, attorneys for appellant.

Knight & Brown, attorneys for appellee.

Mr. Justice Adams delivered the opinion of the court.

Appellant was plaintiff and appellee defendant in the trial court, and will be so referred to in this opinion. The appeal is from a judgment sustaining a general demurrer to the plaintiff's declaration and for costs. It is averred in substance in the declaration that the plaintiff is lessee for a term of ninety-nine years and two months from February 20, 1892, and in possession of certain premises described in the declaration, situated on the southwest corner of Clark and Lake streets, public streets of the city of Chicago, and having a frontage of eighty feet, more or less, on each of said streets; that there was at the time of the alleged injury a modern seven-story building on the premises, containing many rooms and apartments fitted up at great expense as stores and offices, and especially valuable for such purposes by reason of the location of the premises, and that they were, in part, so used by tenants, and plaintiff derived a large rental therefrom; that Lake and Clark streets are each about eighty feet in width, and were a great element of value to said premises; that during the year 1895, the defendant caused to be erected in Lake street, in front of said premises, an elevated railroad, the same being a structure of wood and iron, etc., and an elevated railway station house and building, with water closets, and covered steps or stairs leading from the sidewalks on said streets up to said railway station, along and upon Lake street in front of and adjoining said premises, which elevated railroad and station are of a permanent nature, are of the height of about thirty feet and of the width of about sixty feet, and abut up and close to said premises; that the defendant is the owner of a large number of steam locomotives and passenger cars, and that about one thousand trains propelled by said steam locomotives pass and repass on said elevated railroad every day; that December 28, 1894, the defendant licensed the Union Elevated Railway Company to use for its own trains, and for

the trains of three other elevated railroad companies, the said elevated railroad and station house for a term of fifty years from said date, and each of said elevated railroad companies will shortly commence to operate its trains on said elevated railroad. It is further averred in the declaration that, by reason of the premises, light and air will be excluded from said building, and a great part thereof is and will be rendered dark, close, uncomfortable, unwholesome and unfit for offices, and the access to said premises has been and will continue to be greatly impaired and interfered with, etc. Other elements of damage are averred, and it is alleged, " by all which things the rental and salable value of said premises has been, is and will continue to be lessened and reduced." The declaration contains two counts and is quite lengthy, but the foregoing statement is sufficient for the consideration of the legal questions presented.

The contention of the defendant's counsel is, that no recovery can be had for mere consequential damage accruing to the owner of property abutting on a street, by reason of the construction and operation in the street of an elevated railway. Their argument, elaborated at great length, may be concisely stated thus : Lake street was dedicated by the remote grantor and privy in estate of the plaintiff, or acquired by the public, as a public street, and for all purposes for which a public street may legitimately be used.

The use of a public street for an elevated railroad for the transportation of passengers from place to place in the city, is a legitimate use.

Therefore, the use of Lake street for the elevated railroad in question is within the purpose for which the street was dedicated to, or acquired by the public, and there can be no recovery.

A large part of the argument of counsel for defendant is devoted to the advocacy of the proposition that the use of a street for an elevated railroad is not an additional servitude; but this is included in the major and minor premises of the argument, as above stated, because, if the street was dedicated or acquired for all legitimate uses as a street, then

if its use for an elevated railway is a legitimate one, it can not be a servitude additional to that for which the street was dedicated or acquired.

While we are of opinion that the construction and operation of an elevated railway in a street, for the convenience of the public and the transportation of persons from place to place in the city, is not an additional servitude imposed on the street, we can not concede that the owner of property abutting on the street, who suffers special damage by reason of the construction and operation of the railway, can not recover. Counsel assume, erroneously, as we think, that if there is no additional servitude, there can be no recovery. This doubtless was the rule prior to the adoption of the present constitution in cases where there was no direct injury to the *corpus* of the property. Moses v. Pitts., Ft. W. & C. R. R. Co.; 21 Ill. 522; Murphy v. City of Chicago, 29 Ib. 279.

But such has not been the rule since the adoption of the present constitution, which provides that " Private property shall not be taken or damaged for public use without just compensation." In City of Pekin v. Brereton, 67 Ill. 477, which was an action to recover damages for injury to property abutting on a street, by reason of grading done for the construction of a railway authorized by the city, the court say :

" But the constitution of 1870, in force when the injury of which complaint is made was done, provides, in the Bill of Rights, section 13 of the second article, that ' private property shall not be taken or damaged for public use without just compensation.' It will not be denied this provision rests upon a great principle of right and justice which would doubtless be applied in every proper case without constitutional sanction. With this clause of the constitution before us we can not entertain a doubt of appellees' right to recover to the extent of the damage they have sustained. The case of Moses v. Pittsburgh, Ft. Wayne & Chicago Railroad Co., 21 Ill. 516, and that of Murphy v. City of Chicago, 29 Ib. 279, were decided long anterior to the adoption of the present constitution, and are essentially modified by Indianapolis, etc., Railroad Co. v. Hartley, 67 Ill. 439."

In Stack v. City of East St. Louis, 85 Ill. 377, 381, the court reiterated the view that the Moses and Murphy cases had been " essentially modified."

In Rigney v. City of Chicago, 102 Ill. 64, the court, commenting on the constitutional provision quoted *supra*, say :

" The addition of the words ' or damaged ' can hardly be regarded as accidental, or as having been used without any definite purpose. On the contrary, we regard them as significant and expressive of a deliberate purpose to change the organic law of the State. Nor were they used simply to conserve existing rights, as has been suggested by counsel, but on the contrary, in our judgment, they declare a new rule of civil conduct, from which spring new rights which did not exist under the constitution of 1848."

The court further say, Ib. 78 :

" Under the constitution of 1848, it was essential to a right of recovery, as we have already seen, that there should be a direct physical injury to the *corpus* or subject of the property, such as overflowing it, casting sparks or cinders upon it, and the like, but under the present constitution it is sufficient if there is a direct physical obstruction or injury to the right of user or enjoyment, by which the owner sustains some special pecuniary damage in excess of that sustained by the public generally, which, by the common law, would, in the absence of any constitutional or statutory provisions, give a right of action."

In the same case the court, after citing a number of cases, decided since the adoption of the present constitution, say :

" The conclusion reached in all these cases is distinctly placed upon the ground that the new constitution has enlarged the right of recovery, by extending its provisions to a class of cases not provided for under the old constitution," etc. Ib. 80.

In C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203, 212, the distinction between the law as it was under the old, and as it is under the present constitution, is pointed out.

C. & W. Ind. R. R. Co. v. Ayres, 106 Ill. 511, was an action by the owner of property abutting on a public street to recover damages alleged to have been occasioned to the property by the construction and operation of a railroad in the street. The court say :

" Numerous cases have been referred to on each side to sustain their several positions. It is needless to say our decisions have not been harmonious on this question, but in the case of Rigney v. City of Chicago, 102 Ill. 64, there was a full review of the decisions of our courts, as well as the courts of Great Britain, under a statute containing a provision similar to the provision in our constitution.   The conclusion there reached was, that under this constitutional provision a recovery may be had in all cases where private property has sustained a substantial damage by the making and using an improvement that is public in its character ; that it does not require that the damage shall be caused by a trespass, or an actual physical invasion of the owner's real estate, but if the construction and operation of the railroad or other improvement is the cause of the damage, though consequential, the party damaged may recover.   We regard that case as conclusive of this question.   The case of Pittsburgh & Fort Wayne R. R. Co. v. Reich, 101 Ill. 157, is in point on this question of damages, and the case of City of Chicago v. Union Building Association, 102 Ill. 379, also reviews the authorities, and approves the doctrine of Rigney v. Chicago, *supra*.   These cases, therefore, overrule the doctrines of the earlier cases."

In Chicago v. Taylor, 125 U. S. 161, the court, after quoting the language above quoted, say :

" Our attention has not been called to, nor are we aware of any subsequent decision of the State court giving the constitution of 1870 an interpretation different from that indicated in Rigney v. Chicago, and Chicago, etc., Railroad Co. v. Ayres.   We concur in that interpretation.   The use of the word 'damaged' in the clause providing for compensation to owners of private property appropriated to public use, could have been with no other intention than that expressed by the State court."

We are not aware of any decision of the Supreme Court since the adoption of the present constitution, in which the court has even intimated that the owner of property abutting on a street which is damaged by the construction and operation of a railroad in the street, has not a remedy at law.   In Doane v. Lake Street Elevated R. R. Co., 165 Ill. 518, which was a bill to enjoin the construction of the road, the court, while holding, as the court had held in pre-

vious cases, that a bill could not be maintained, such construction having been authorized by the municipality, say:

"Such owner can not maintain a bill to enjoin the same until the resulting damages to his property are ascertained and paid; his remedy is by action at law for such damages." Ib. 518, citing, among other cases, the following: Stetson v. C. & E. R. R. Co., 75 Ill. 74, 80; P. & R. G. R. R. Co. v. Schertz, 84 Ib. 135, 140; Penn. Mut. L. Ins. Co. v. Heiss, 141 Ib. 35, 55; Corcoran v. C., M. & N. R. R. Co., 149 Ib. 291, 297; White v. W. S. El. R. R. Co., 154 Ib. 620, 625; C., B. & Q. R. R. Co. v. W. C. St. R. R. Co., 156 Ib. 255, 273, each of which supports the text of the opinion. The Stetson case was a bill to enjoin the construction of the railroad, which the court held could not be maintained, saying:

"The party will be left to his action. When he has settled the question of his right to damages, and ascertained the measure in an action at law, if any reason exists why he can not have execution of the same, equity will assist him, but not before."

In Penn. Mut. L. Ins. Co. v. Heiss, *supra*, the court say:

"The land owner is remitted to his action at law to recover his damages. The right to recover damages for injury to private property occasioned by the occupation of a public street by a railroad, or the taking of other property for the public use, is secured to the property owner by the provision of the constitution quoted," referring to the provision quoted in the opinion.

In Doane v. Lake St. El. R. R. Co., 165 Ill. 510, counsel for the defendant here was counsel for the railroad company, and one of the points he made was that there was an adequate remedy at law, and the court so held. Ib. 514, 518.

In City of Olney v. Wharf, 115 Ill. 519, relied on by counsel for defendant, the court, while holding that there could be no recovery against the city for damages occasioned to property abutting on the street, by reason of the construction of a railroad in the street by authority of the city, say:

"If appellee or any other lot owner on the street has been damaged by the construction or operation of the railroad, the city is in no manner liable, but the liability for all damages sustained must fall upon the railroad company."

The cases cited illustrate the proposition that the absence of the element of additional servitude does not preclude recovery.

The material averments of the declaration which are well pleaded must be assumed to be true for the purpose of passing on the demurrer. From these averments it appears that the damage to the plaintiff's property complained of, was for a public improvement; that the railway, as constructed, greatly impairs the access of light to the plaintiff's building, causing it to be dark; that the access of air thereto is greatly impaired; that access to its premises is materially obstructed; that large quantities of smoke, dust, cinders and ashes have been, are and will continue to be thrown on the building and premises, etc., and thereby the rental and salable value of the premises has been, is and will continue to be lessened and reduced. These and other averments in the declaration bring the plaintiff's case within the constitutional provision requiring compensation, as construed by the Supreme Court. City of Pekin v. Winkel, 77 Ill. 56; City of Shawneetown v. Mason, 82 Ib. 337; City of Elgin v. Eaton, 83 Ib. 535; Stack v. City of E. St. Louis, 85 Ib. 377; Rigney v. City of Chicago, 102 Ib. 64, 82.

The judgment will be reversed and the cause remanded, with directions to the trial court to overrule the demurrer. Reversed and remanded, with directions.